UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIGITTE REYNOLDS,

      Petitioner,                                Case No. 2:15-cv-10871
                                                  Hon. Denise Page Hood

v.

ANTHONY STEWART,

      Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF
HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Brigitte Reynolds, ("Petitioner"), incarcerated at the Huron Valley Complex, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was found guilty by a jury in the Presque Isle Circuit Court of home invasion. MICH. COMP. LAWS § 750.110A(1). She was sentenced to a prison term of 13-to-30 years. In her pro se petition, Petitioner asserts as single claim: the trial court erred by improper admission of prior bad acts evidence. The petition for writ of habeas corpus is SUMMARILY DENIED.

I. Background

According to the portions of the state court record attached to the petition, Petitioner was charged with entering a dwelling in Posen, Michigan, with the intention of committing a larceny. The man who resided at the home sold eggs from his porch using an "honor system" for payment.

At her jury trial, the victim testified that he returned home and saw that his front window was broken. He grabbed a shotgun and saw Petitioner emerge from his house holding a rock. Inside his house, he did not find anything else missing, but some items had been moved. The rock Petitioner

was holding had been on a book shelf.

Petitioner testified in her defense that she was at the house to purchase eggs, and that when she went on the porch the glass was already broken and she picked up a rock that was sitting on a shelf on the porch.

Over defense objection, two of Petitioner's prior convictions were admitted into evidence under Michigan Court Rule 404(b).

Petitioner was found guilty and sentenced as indicated above.

Petitioner filed a direct appeal. Her appellate brief–which she has attached to her petition–raised one claim:

> Defendant-Appellant is entitled to a new trial where the trial court erred in admission of evidence, pursuant to MRE 404(b).

There is no mention of federal law or allegation that Petitioner's constitutional rights were violated in her state appellate brief. The state appellate courts denied relief. *People v. Reynolds*, No. 311180 (Mich. Ct. App.  April 15, 2013); *People v. Reynolds*, No. 147220 (Mich. Sup. Ct. Feb. 7, 2014). Three Michigan Supreme Court Justices dissented from the denial of leave to appeal, stating that the Rule 404(b) question merited further review. But again, neither Petitioner's pleadings nor the dissenting opinion mention any federal aspect to Petitioner's claim.

## II. Discussion

Petitioner fails to state claims upon which habeas relief can be granted. A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily

dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

Petitioner's claim does not assert that her federal constitutional rights were violated. Rather, she only asserts that the trial court violated state evidentiary law at her trial. A claim that a state trial court erred under Rule 404(b) by admitting improper "prior bad acts" evidence is non-cognizable on habeas review. See *Bey v. Bagley*, 500 F 3d 514, 519 (6th Cir. 2007); *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)(Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); *Dowling v. U.S.*, 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process). The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. See *Bugh v. Mitchell*, 329 F. 3d 496, 512 (6th Cir. 2003).

Because Petitioner's habeas claim does not allege an issue cognizable by this Court, the petition will be summarily dismissed.

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner

must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id*. at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is SUMMARILY DISMISSED.

IT IS FURTHER ORDERED That a Certificate of Appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be DENIED leave to appeal in forma

4

pauperis.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  April 10, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 10, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

5